(Decided Oct. 9th, 1863.)

---

## Edward Dowling, et al., *vs.* Ernest A. Hennings.

Party Walls.—In an action of *trespass on the case* by A against B, to recover for damages sustained by the removal of a party wall, the evidence was: that the brick houses of A and B were built upon adjoining lots about fifty years before, with an alley way between them for mutual use, its walls terminating above in an arch, upon the centre of which, and upon beams of wood extending from the top of one alley wall to the other, was built the partition wall between the 2nd and 3rd and garret stories of the two houses; that B and others after notice to A, that he, B, intended so doing, with a view of making improvements upon his lot, proceeded to take down the walls of his house together with the alley wall next thereto, in consequence of which A's house fell. It was also in evidence that alterations had been made some years before in the house of A, and that after B's house had been taken down, but before the alley wall had been broken, A had placed props under the partition wall with a view to prevent its falling; but it did not appear that the walls of A's house were weakened by said alterations, or by said props, or that A had ever consented to the breaking of the alley wall. Held:

1st. That the right of support or easement in the ground of B, set up by A, is of such a character, that it must have originated in a grant either actual or presumed as matter of law from the facts shown by the evidence in the cause.

2nd. That the uninterrupted enjoyment and use of the alley and alley walls for the period shown by the evidence, raises the presumption of mutual

grants for such enjoyment, for the time the two houses should be capable of safe and beneficial occupation, and that B had no authority to interfere with the alley or walls without the consent of the appellee, unless he could do so without injury to his possession.

APPEAL from the Superior Court of Baltimore City :

*Tresspass on the case* by the appellee against the appellants, to recover damages for loss and injury sustained by the former in consequence of the removal of a party wall by the latter, which resulted in the fall of the appellee's house. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and GOLDS-BOROUGH and COCHRAN, J.

*S. Teackle Wallis* and *T. Parkin Scott,* for the appellants, argued :

1. That the owner of any old house in a growing city, has a right to take it down and erect new buildings on his lot, and that he is not responsible for any damage which may thereby be sustained by the owner of the adjoining house, occasioned by the removal of the props and supports to it, theretofore furnished by the house so removed; provided proper care and diligence is observed in the removal thereof.

2. That the Court below erred in instructing the jury to find for the plaintiff merely, if they believed that the use of the alley wall on Dowling's lot was necessary to the support of the partition wall, and that the said alley wall was removed by Dowling; thereby denying the right to improve, although due care and diligence be observed in making such improvements. *Massey vs. Goyner,* 19 *Eng. C. L. Rep.,* 324. *Peyton vs. Mayor, &c.,* 17 *Id.* 486. *Walters vs. Pfeil,* 22 *Id.,* 335. *Brown vs. Windsor,* 1 *Cromp. & Jer.,* 20, 22. 3 *Kent's Com.,* 437, 441 and 448. *Baugher vs. Wilkins,* 16 *Md. Rep.,* 45. *Cherry vs. Stein,* 11 *Md. Rep.,* 21. *Campbell vs. Mesier,* 14 *Johns., Ch. Rep.,* 336, 341. *Taylor's Landlord & Tenant,* secs. 188 and 189.

Dowling, et al., *vs.* Hennings.

3. The Court's instruction is further eroneous, because:

1st. It excludes from the jury the fact proven that the plaintiff undertook to have the wall propped for himself, by his own carpenter, who did so insufficiently and badly.

2nd. It substantially instructs the jury that they may find for the plaintiff even if the damage resulted, in part, from his own act, whereas, in each case, he cannot recover at all. *Bradley vs. Waterhouse,* 14 *Eng. C. L. Rep.,* 326. *Whitmore vs. Wilkes, Id.,* 349. *Vanderplank vs. Miller,* 22 *Id.,* 280. 2 *Greenlf. Ev.,* sec. 473, and cases cited.

3rd. It furnishes the jury with no measure for proportionary damages, even if it be otherwise law. *Wilson vs. Mechs. Ins. Co.,* 2 *Md. Rep.,* 235.

*J. H. B. Latrobe* and *G. W. Brown,* for the appellee:

1. The alley was one-half on the ground of the plaintiff; but the plaintiff was entitled by an uninterrupted use for fifty years to an easement in the whole of said alley, and also in said alley wall on the lot of the defendant Dowling for the support of the partition wall of the plaintiff's house.

2. The taking down said alley wall by the defendants, thereby causing the fall of the partition wall, and the consequent destruction of the plaintiff's property and business, is an act for which the defendants are liable in an action for damages.

3. The Court instructed the jury that if the injury was caused by the acts of the plaintiff, or by the act of the previous owner of the house, the defendants were not liable.

In support of these positions the following authorities were referred to: 3 *Kent's Com.,* 441 and 437. 2 *Robinson's Practice,* 689, 692. *Melvin vs. Whiting,* 13 *Pick.,* 184. *Wyatt vs. Harrison,* 3 *Barn. & Adol.,* 871. *Walters vs. Pfeil,* 1 *Mood & Malk.,* 362. *Peyton vs. Mayor, &c., of Lond.,* 9 *B. & C.,* 725; 17 *Eng. C. L. Rep.,* 483. *Brown vs. Windsor,* 1 *Cromp. & Jer.,* 20. *Patridge vs. Scott,* 3 *M. & W.,* 220. *Richards vs. Rose,* 9 *W. H. & G.,* 218,

24 *Eng. C. L. Rep.*, 406.    *Eno vs. Del Vecchio*, 4 *Duer.*
(*N. Y.,*) 53.    *Id.*, 6 *Duer*, 17.    2 *Washburn on Real Prop.*,
77, 78.    *Partridge vs. Gilbert*, 15 *N. Y.*, (1 *Smith*,) 601.
*Webster vs. Stevens*, 5 *Duer*, 553.    *Bradbee vs. Christ's
Hospital*, 43 *Eng. C. L. Rep.*, 368.

COCHRAN, J., delivered the opinion of this Court :

This suit was brought by the appellee; to recover dama-
ges caused by the appellant's removal of a partition wall
between the house occupied by the appellee as tenant, and
one owned by the appellant Dowling.

The record contains evidence showing that the houses in
question were built on adjoining lots in 1802, with a three
feet alley for mutual use, running between them from front
to rear; that the walls of the alley, closing in an arch at the
top, were built one on each lot, and by lintels placed upon
them supported the partition wall between, and into which
the houses above the alley were built; that Dowling, with
the other appellants, after notice to the appellee that he
designed to improve his lot by erecting a warehouse that
would require a part of the arch over the alley to be taken
down, removed the house and alley wall that stood upon
it, by which they deprived the partition wall of a neces-
sary support and caused it to fall.    It was also shown that
alterations had been made some years before in the house
of the appellee, and that he inserted props therein after
Dowling's house had been taken down but before the alley
wall was broken, to prevent the partition wall from fall-
ing; but it does not appear that the latter wall was weak-
ened by either the alteration or props, or that the appel-
lee consented to the breaking of the arch or removal of
the alley wall.

The instruction given upon the finding of these facts, to
which the exception was taken, was, that the appellee had
a right to the use of the alley and to the alley wall which
stood on Dowling's lot, as a support for the partition
wall, and that he was entitled to recover the damages

sustained, unless it should be further found, that the damages were caused in whole or in part by the alterations or props made and placed in the house occupied by him.

The chief objection presented by the appellants to this instruction was, that in conceding the right of the appellee to the use of that portion of the alley and alley wall which were on Dowling's lot, it denied to the latter the right to remove them and improve his lot to the line of the lot adjoining, although due care might be observed in removing the wall and making the improvement.

In determining the force of this objection, it is necessary to ascertain whether the appellee had acquired such a right to the use of the partition and alley walls, as imposed any limitation on Dowling's right to demolish and remove so much of them as stood on his ground. It appears that the houses were built at the same time, with the partition and alley walls in question, more than fifty years ago, and that the latter walls were necessary to support the partition wall built above but on a line midway between them. It was also shown that the partition was constructed for the mutual support of the two houses, and that the alley was for their common use and benefit. This manner of constructing the houses, clearly implies an agreement or contract between the builders, that each should have a right of support or easement in the ground of the other, so far as necessary to maintain the alley for mutual use, and the partition wall for the common support of the two houses. As a matter of mere fact, no other inference would seem possible, although the right claimed by the appellee could not be sustained by the simple implication of such an agreement. The right of support or easement in the ground of the appellant Dowling, set up by the appellee, is of such a character that it must have originated in a grant either actual or presumed as matter of law from the facts shown by the evidence in the case. *Wyatt vs. Harrison*, 23 *Eng. C. L. Rep.*, 205; *Partridge vs. Scott*, 3 *M. & W.*, 220. 24 *Eng. C. L. Rep.*, 406. But the proof

that the mutual use had continued for a period of more than fifty years, presents the question whether grants for such use are to be presumed.

It was argued with much force, that the presumption of a grant could arise only in cases where the user by one is adverse to the interest of the other, and as the user in this case, from its mutuality, interferred with no interest or right, assertable by way of protection against such use, that it was not adverse, and, consequently, could not work the loss of any right. Generally, this enunciation of the principle, upon which presumptions arise from adverse possession or use, may be correct. But we conceive the proposition to be erroneous in assuming that the user in this case was not adverse, because it was common and based on a mutual interest. That the walls and alley in question, were constructed for mutual accommodation, and that they were intended to afford mutual convenience and benefit, is true, but it is none the less true, that the mutual use was adverse to such separate rights as were inconsistent with that use, and especially to that of removal claimed by the appellants. So far as this question is concerned, we can see no reason for distinguishing between interest and right, and if the right to remove as now asserted, ever had an existence, it must have been from the time the houses were built, and consequently opposed by the subsequent mutual user. From our examination of the authorities bearing upon the question under consideration, we have concluded that the uninterruped enjoyment and use of the alley and alley walls for the period shown by the evidence, raises the presumption of mutual grants for such enjoyment for the time the two houses should be capable of safe and beneficial occupation, and that the appellants had no authority or right to interfere with the alley or walls, without the consent of the appellee, unless he could do so without injury to his possession. *Brown vs. Windsor,* 1 *Cromp. & Jer.,* 20. *Bradbee vs. Christ's Hospital,* 43 *Eng. C. L. Rep.,* 868. *Partridge vs. Gilbert,* 15 *N. Y.,* 601. *Eno vs.*

*Del Vecchio*, 6 *Duer*, 17. It was conceded on the part of the appellee that the grant presumed would be qualified, and only for such time as the houses could be safely and profitably occupied, and that it would be terminated by their becoming decayed and ruinous, or by their accidental destruction; but there was no pretence on the other side, that either of the houses had become unsafe, or gone to decay, or that any condition, which would qualify or terminate the grant, had occurred. We are of opinion that the appellee was entitled to the use of the alley and walls in question, and that there was no error in so directing the jury.

Objection was also made to the instruction, because the finding of the appellee's consent to the removal of the alley walls and arch was taken from the jury. As we have before stated, no evidence appears from which that consent could be found. Neither the proposal nor effort of the appellee to support the partition wall by props inserted on his own premises, upon the notice from Dowling that he intended to remove the alley wall and portion of the arch standing on his ground, shows, either directly or inferentially, that the appellee consented to the removal. It is difficult to perceive upon what ground the expression of the purpose, or the attempt to guard against the effect of an impending mischief, could be considered evidence of a consent that the mischief should be done.

The qualification of the instruction, relating to the alterations and props, which was objected to on the ground that it prescribed no rule for an apportionment of the damages, was, "*that if the damage which the plaintiff sustained, was caused in the whole or in part by the alterations and props, or any of them, then the plaintiff is not entitled to recover for the damage, (if any,) which the jury may find was caused thereby.*" As we construe it this clause does not sustain the objection urged.

Taken in connection with the affirmative part of the instruction, it was evidently intended to be a denial of the

appellee's right to recover, if the jury should find that the alterations, or props, either contributed to or caused the damage complained of. That it might have been stated with less ambiguity we do not doubt, but still, in construing it so as to give the result obviously designed by the whole instruction, we think it was in effect, not only a denial of the right to recover the damage specifically attributable to the alterations or props, but of the right to recover any of the damage sustained if it was caused by them either in whole or in part. In taking this view of the instruction, it follows that no case was presented in which an apportionment of damages was necessary to ascertain the amount recoverable by the appellee. We think there was no material error in the direction given to the jury, and therefore affirm the judgment.

*Judgment affirmed.*

(Decided Oct. 23rd, 1863.)