Watauga Water Co. *v.* Wolfe.

WATAUGA  WATER  CO.  *v.*  WOLFE.

(*Knoxville.*    September  25,  1897.)

1. WATER COMPANIES.   *Nature of.*

A water company, invested by its charter with the right of
eminent domain, and obligated by contract to furnish a city
and its inhabitants with water, is a *quasi* public corporation,
engaged in a public business under a public grant and con-
tract, and is charged with the public duty of furnishing water
to the city and all of its inhabitants alike, without discrimina-
tion and without denial except for good and sufficient cause.
(*Post, pp. 430, 431.*)

Code construed: §§ 2499–2506 (S.).

Case cited and approved: Crumley *v.* Watauga Water Co., *ante,*
p. 420, and cases there cited.

2. SAME.   *Power to adopt reasonable rules.*

A water company which is under legal obligation to furnish
water to all inhabitants of a city at designated rates, and
without discrimination, may adopt reasonable rules for the
conduct of its business and the operation of its plant, and
such rules, so, far as they affect its patrons, are binding on
them, and may be enforced even to the extent of denying
water to those who refuse to comply therewith.   (*Post, pp.
431, 432.*)

Case cited and approved: 30 L. R. A., 447.

3. SAME.   *Power to deny water to applicant refusing to comply with
rules.*

A rule adopted by a water company requiring patrons to keep
their hydrants closed except when using the water, is reason-
able, and the refusal of an applicant for water to agree to
comply therewith justifies the company in refusing to supply
him with water, although under legal obligation to do so if

he complies with the reasonable rules of the company. (*Post*, *pp. 332, 433.*)

Cases cited and approved: 48 Kan., 170; 30 L. R. A., 449.

---

. FROM WASHINGTON.

---

Appeal from Law Court of Washington County. H. T. CAMPBELL, J.

CARR & REEVES for Watauga Water Co.

J. B. Cox for Wolfe.

CALDWELL, J. C. H. Wolfe brought this suit against the Watauga Water Company and obtained judgment before the Circuit Judge, sitting without a jury, for $10, as damages for its refusal to furnish him water at his residence in Johnson City. The company appealed in error.

The defendant is a water company, chartered under the general laws. of the State (Code, annotated by Shannon, §§ 2499–2506), with the right of eminent domain and all essential powers, privileges, and franchises, and operating its waterworks at Johnson City under special contract with that city to furnish it and its inhabitants with water at designated rates. Being thus endowed by the State, and under contract with one of the State's municipalities, the com-

pany is essentially a public corporation, in contradistinction from a private corporation. It is engaged in a public business, under a public grant and contract, and is, therefore, charged with public duties, and cannot, at its election and without good reason, serve one member of the community and not another. It is bound to furnish the commodity, which it was created to supply, to the city and all of its inhabitants upon the terms designated in its contract (the same being fair and reasonable), and without discrimination. *Crumley* v. *Watauga Water Co.*, 98 Tenn., 420; *Hangen* v. *Albina Light & Water Co.* (Ore.), 14 L. R. A., 424; *American Waterworks Co.* v. *State* (Neb.), 30 L. R. A., 447; *State* v. *Butte City Water Co.* (Mont.), 32 L. R. A., 697; *Union Tel. Co.* v. *State*, 118 Ind., 206; *Lombard* v. *Stearns*, 4 Cush., 60; *Lowell* v. *Boston*, 111 Mass., 464; *Williams* v. *Mut. Gas Co.*, 52 Mich., 499; 50 Am. Rep., 266; *Olmsted* v. *Morris Aqueduct Proprs.*, 47 N. J. Law, 333; *Shepard* v. *Milwaukee Gas Co.*, 6 Wis., 539; 70 Am. Dec., 479; *Spring Valley Waterworks* v. *Schottler*, 110 U. S., 347; *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S., 650; *Louisville Gas Co.* v. *Citizens' Gas Co.*, *Ib.*, 683; 2 Mor. on Pri. Corp., Sec. 1129; 2 Cook on S. S. & C. L., Sec. 932; 1 Dill. on Mun. Corp. (4th Ed.), Sec. 52, and note, citing *Foster* v. *Fowler*, 60 Pa. St., 27; 29 Am. & Eng. Enc. L., 19, note; 15 L. R. A., 322.

Though impressed with a public use, and under

legal obligation to furnish water to all inhabitants at the designated rates, and without discrimination, the defendant company is allowed to adopt reasonable rules for the conduct of its business and operation of its plant, and such rules, so far as they affect its patrons, are binding upon them, and may be enforced by the company, even to the extent of denying water to those who refuse to comply with them. *American Waterworks Co.* v. *State* (Neb.), 30 L. R. A., 447.

Wolfe had been a patron of the company, and had been accustomed to leave his hydrant open, so that large quantities of the escaping water went to waste. His claim was, that the water so wasted was stale and not fit for his use, and upon that ground he sought to justify his action; but the company thought the water not stale and the waste excessive. Complaints were made to the company by persons upon whose premises the escaping water flowed.

Wolfe ceased to take water from the company for awhile, preferring to use his well. When he applied to the company for water again, tendering all required charges in advance, he was requested to sign a regular application, and agree, in conformity to a rule of the company, that he would keep his hydrant closed except when using the water. This he declined to do, and the company refused to turn water into his hydrant. He said he "wanted pure, good, water," and that he "would keep the tube open so long as it was necessary to keep the water

fresh." Three days after the company's declination this suit was brought to recover damages. The rule is question was reasonable, and Wolfe's refusal to comply with it disentitled him to receive the water, and relieved the company of its obligation to furnish it. This does not imply that a patron of a water company is not entitled to "pure, good, water," but only means that he may not set himself up as the sole judge of its quality, and execute his own adverse judgment in his own way, and without restraint, in defiance of the company, and to its inevitable detriment. It has been held, that "a rule of a water company, giving it the right to shut off water from the premises of a consumer who wastes it, is reasonable" (*Shiras* v. *Ewing*, 48 Kan., 170); and that holding was approved in the case of *American Waterworks Co.* v. *State*, 30 L. R. A., 449.

Reversed, and enter judgment dismissing suit with costs.