Farmer v. Nashville.

## J. W. FARMER *v.* MAYOR AND CITY COUNCIL OF NASHVILLE.*

### [(*Nashville.*   December Term, 1912.)

1. **WATER. Duty of water company to supply water to all applicants tendering usual rates.**

A water company possessing the power of eminent domain, and being a quasi public corporation, must, as an implied condition of its franchise, supply water to all applicants who tender the usual rates. (*Post, p.* 514.)

Case cited and approved:   Crumley v. Water Co., 99 Tenn., 420.

2. **SAME. Same. Water company must supply water, without discrimination; but may adopt and enforce reasonable rules.**

While such a water company must supply water to all of the inhabitants of the city of its location alike, without discrimination, and without denial, except for good and sufficient cause, but it may adopt reasonable rules for the conduct of its business, which are binding on its patrons, and may be enforced, even to the extent of denying water to those refusing to comply with them. (*Post, pp.* 514, 515.)

Case cited and approved:   Water Co. v. Wolfe, 99 Tenn., 429.

3. **MUNICIPAL CORPORATIONS. Ordinances must not conflict with general laws of the State, and must be reasonable.**

A municipal corporation may enact only such ordinances as do not conflict with the general laws of the State, and are reasonable and adapted to the corporate purposes. (*Post, pp.* 515, 516.)

---

*On the question of the right of a water or light company to discriminate between consumers as to rate, see note in 27 L. R. A. (N. S.), 674.

As to the liability of a landlord as to water pipes and water supply on leased premises, see note in 23 L. R. A., 160.

Farmer v. Nashville.

Cases cited and approved: Long v. Taxing District, 7 Lea, 137 (citing cases); Jones v. Nashville, 109 Tenn., 558.

4. SAME. Same. Ordinance requiring assessments for unmetered water consumers to be made against owners of property is void, when.

Where a municipal corporation, authorized and obligated to furnish water to all of its inhabitants, enacted an ordinance requiring all assessments for unmetered water consumers to be assessed against the owners of the property, instead of the consumers, such ordinance is unnecessary, unjust, unreasonable, and an arbitrary discrimination between the inhabitants owning the property occupied by them and those not owning the property occupied by them, so as to be void, especially where there is another by-law requiring all unmetered assessments to be paid in advance, and thus furnishing all necessary protection to the city against delinquencies. (*Post, pp.* 516-520.)

Cases cited and approved: Crumley v. Water Co., 99 Tenn., 420; Water Co. v. Wolfe, 99 Tenn., 429; Jones v. Nashville, 109 Tenn., 558; State v. Water Co., 18 Mont., 199; Turner v. Water Co., 171 Mass., 329; Bank v. Lowell, 152 Mass., 556; Covington v. Ratterman, 128 Ky., 336; Line v. Bredes, 43 Wash., 540; Chicago v. Insurance Co., 218 Ill., 40; Burke v. Water Valley Co., 87 Miss., 732.

5. LANDLORD AND TENANT. Landlord is not bound to furnish water, nor is tenant bound to pay water rent debt of landlord.

At common law, a landlord is under no obligation to furnish water to his tenant, nor is a tenant bound to pay the water rent debt of the landlord, in the absence of an agreement to do so. (*Post, p.* 518.)

FROM DAVIDSON.

'Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the

Court of Civil Appeals to the Supreme Court.—JOHN
ALLISON, Chancellor.

JOHN R. AUST, for complainant.

A. G. EWING, JR., City Attorney, and FRANK GARARD,
Assistant City Attorney, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the
Court.

This bill was filed by Farmer, as a resident citizen of
Nashville, Tenn., to compel the defendant to furnish
water for domestic purposes to the premises occupied by
him.   The chancellor decreed the relief prayed for, and
upon appeal the court of civil appeals reversed and re-
manded the case for further evidence upon certain issues
not covered by the pleadings and not included in the
agreement of facts made by counsel.   The case is before
us upon the petition of Farmer for writ of *certiorari* to
the decree of the court of civil appeals.

The record discloses that one Mrs. Young is the owner
of a house and lot on Fifth street in Nashville, and that
prior to February 14, 1911, these premises were occupied
by a Mrs. Vaughn.   Mrs. Vaughn did not pay a water
tax of four dollars assessed by the defendant against
Mrs. Young as the owner of the property.   Notice of the
delinquent tax was given to Mrs. Young, and not to Mrs.
Vaughn, and Mrs. Young did not pay.   It is not shown
whether Mrs. Young received the notice and neglected
to pay, or whether she denies her liability for the tax.

The complainant took possession of the premises on

February 15, 1911, and at that time the water was connected with and running through the hydrant serving the house rented by him from Mrs. Young, and he had no knowledge of the delinquent water tax at the time he made the contract of rental. On February 15th he tendered to the city a proper amount in cash under its rules and regulations to secure unmetered water services for a period of six months. This tender was declined by the city, and the water connection was cut off. It appears that in the regular course of business the proper city authorities became aware of the delinquency in the payment of the unmetered water tax for these premises on February 14th, and ordered the connection cut off, which was done on the 15th.

The defendant has power under its charter to construct and maintain waterworks and to furnish water to the inhabitants of the city of Nashville. It has constructed the waterworks plant, and has undertaken the duty of supplying water to all the inhabitants of the city for a price fixed by ordinance. The defendant built its water pipes into the property rented by the complainant, and has undertaken to supply water to the tenants and inhabitants of said house. The complainant is not now, and was not at the time the water connection was cut off, indebted to the city for water furnished him or his family at any time or place or on any other account. There is no well, or spring, or cistern, or other source of water supply upon or appurtenant to the premises occupied by the complainant and his family.

The defendant made the assessment of the water tax

in controversy against the owner, Mrs. Young, the non-payment of which was the occasion of the disconnection of the water services about which this suit was brought. The premises involved are unmetered, and were during the entire period for which the delinquency arose, and at the time the complainant tendered the requisite sum for water services.

The defendant's charter provides "that the board of public works shall have exclusive power to organize and control the waterworks ad its appurtenances, and that it has power to construct and maintain waterworks for the purpose of supplying water to the inhabitants of the city of Nashville."

Section 151 of Smith & McAlister's Digest provides "Hereinafter all assessments for unmetered water consumers shall be assessed against the owners of the property in place of against the consumers. . . ."

Section 207 also provides: "Whenever any person, firm or corporation becomes indebted to the city for water and fails, on demand of the city's authorities to discharge said indebtedness as provided in section 160, it shall not be lawful to furnish water to said firm, person or corporation at the place where said indebtedness was contracted, or any other place within or without the city until said indebtedness is discharged."

It is insisted for the city that, under its ordinances regulating the water service, the defendant has no account with the occupant of the premises, but assesses the water services against the owner, and hence it was entirely within its rights when it declined to accept from

the complainant advance payment, for water service until the "owner or some one for her" had paid the back assessments, which had become delinquent before the occupancy of the premises by the complainant. It is claimed that section 151 of Smith & McAlister's Digest, supra, is reasonable, fair, and just and not arbitrary or discriminatory, and therefore the complainant has no legal right of action to compel the furnishing of water to him and his family.

Both the chancellor and the court of civil appeals have settled this controversy against the contention of the city; but the latter court by a majority opinion remanded the case to ascertain certain facts not covered by stipulation of counsel, and which clearly pertain to issues not raised by the pleadings.

It was settled by this court in the case of *Crumley* v. *Watauga Water Co.*, 99 Tenn. 420, 41 S. W., 1058, that a water company, having power under its charter to condemn private property for its necessary purposes, and obligated by the law of its creation to afford to the city of its location and the inhabitants thereof a plentiful supply of water, is a quasi public corporation, that enjoys and must exercise its opportunities for gain subject to its obligation to the public to supply water to all who apply therefor and tender the usual rates, and that this obligation is an implied condition of the grant of its franchises.

It was also settled in *Watauga Water Co.* v. *Wolfe*, 99 Tenn. 429, 41 S. W., 1060, 63 Am. St. Rep., 841, that such a water company is charged with the public duty

Farmer v. Nashville.

of furnishing water to all of the inhabitants of the city of its location alike, without discrimination, and without denial, except for good and sufficient cause; but that such a company may adopt reasonable rules for the conduct of its business, and the operation of its plant, and such rules, so far as they affect its patrons, are binding on them, and may be enforced, even to the extent of denying water to those who refuse to comply with them.

The defendant is not especially authorized by the legislature to enact section 151 of Smith & McAlister's Digest, interposed as a defense to this suit, and hence its validity must be determined by the test of reasonableness.

The distinction between the general power of a legislative body to make laws and the special power of a municipal corporation to enact by-laws is recognized by our authorities. In respect of the latter, the corporate council is restrained to such matters as are not at variance with the general laws of the State, are reasonable, and adapted, to, or proper for, the purposes of the corporation. In *Long v. Taxing District,* 7 Lea, 137, 40 Am. Rep., 55, the court said:

"Whenever a by-law seeks to alter a well-settled principle of the common law, or to establish a rule interfering with the rights of an individual or the public, the power to do so must come from plain and direct legislative enactment. No implied power to pass by-laws, and no express general grant of the power, can authorize a by-law which conflicts either with the national or State constitution, or with the statutes of the State, or

with the general principles of the common law adopted or in force in the State. Ordinances must be consistent with public legislative policy, may regulate, not restrain, trade, and must not contravene common right. These are general principles, universally recognized, and to some extent illustrated by our own cases. *Smith* v. *Mayor,* 3 Head, 245; *Maxwell* v *Jonesboro*, 11 Heisk., 257; *Trigally* v. *Mayor,* 6 Cold., 382; *Hodges* v. *Mayor,* 2 Humph., 61; *Raleigh* v. *Dougherty,* 3 Humph., 11, 39 Am. Dec., 149; *Mayor* v. *Winfield,* 8 Humph., 707; *Robinson* v. *Mayor,* 1 Humph., 156, 34 Am. Dec., 625."

And in speaking of a by-law of this defendant with respect to the relation of its water service to its inhabitants, this court has said:

"It may be said generally that ordinances must be consonant with the constitution and statutes of the United States and of the State, and with the general principles of the common law. They must be authorized by the charter of the corporation or general laws applying thereto, and consistent with the objects and purposes of its creation. They must be general, and applicable alike to all persons and property affected by them, and certain in their application and operation, and their execution not left to the caprice of those whose duty it is to enforce them. They must be just. And they should be adapted to the locality and affairs which it is intended they shall control and affect. They must not be harsh and oppressive. They must not discriminate in favor of or against any class of persons or property, but must be general in their nature, and impartial in

Farmer v. Nashville.

their operation and effect." *Jones* v. *Nashville,* 109 Tenn., 558, 72 S. W., 985.

In *Jones* v. *Nashville,* supra, it was held that a by-law in substance the same, if not identical in terms, as section 207 of Smith & McAlister's Digest, supra, was reasonable and valid. It will be observed that this by-law provided that water should be turned off after a particular period of delinquency had expired, and the delinquent had been notified to pay and had failed, and then it should be unlawful for any officer or employee of the city to turn it on again until the entire tax due the city had been paid, and also, in substance, that whenever any water user becomes indebted to the city for water, and fails on proper demand to discharge the indebtedness, it should not be lawful to furnish water to such delinquent user, either at the place where the indebtedness was contracted, or any other place within or without the city, until the indebtedness was paid. Such a by-law, it is manifest, is nothing more than a means adopted by the city to enforce the payment of charges for water used by the person who has received the benefit of the use. This is all the case decided, and it need not be discussed further.

The question here, however, is whether the city, under its charter obligation to furnish water to all of its inhabitants, can deal alone with the owners of property, so as to require inhabitants who are not owners, but who occupy property belonging to a delinquent owner, to pay the delinquent charges of the landlord as a condition precedent to his receiving water services. We

are of opinion that such a by-law is unjust, unreasonable, and unauthorized by the defendant's charter, and is therefore void.

At the common law, there is no duty or obligation upon the part of the landlord to furnish water to his tenant; and conversely there is no common-law obligation on the tenant to pay the debt claimed, in the absence of an agreement to do so. The ordinance in question, if valid, would enlarge the obligation of the landlord to the tenant to the extent of requiring the landlord to furnish the water and pay the water assessments, in order that the premises might be occupied; and it would likewise require the tenant to pay such a debt of the landlord, thereby denying to him the right of water service in his capacity of an inhabitant of the city. This is a plain violation of the defendant's charter obligation to furnish water to its inhabitants.

It is also void because it is an arbitrary discrimination between the inhabitants of the city. If the defendant can limit its water charges and water accounts to the owners of property, and refuse to run accounts or furnish water to tenants, it naturally and inevitably follows that defendant has discriminated between inhabitants of the city who own property and those who do not. So far as the use of water for domestic purposes is concerned, such a discrimination is arbitrary, capricious, and unjust. No reason has been suggested, and none can be conceived, why a tenant family occupying premises which have no other source of water supply does not need, and should not receive, the defendant's water serv-

Farmer v. Nashville.

ice upon the same terms and conditions as inhabitants who own property. It will be observed that the by-law in question does not limit the assessment to owners of property, who also own and occupy the premises, but it includes even a smaller class—that is, owners, whether they occupy the premises or not. It is true that in this respect the by-law is limited to unmetered water customers; but we think this could make no difference, because such a discrimination would be unlawful, whether the premises be metered or unmetered.

Another by-law of the city requires that all unmetered assessments should be paid in advance  This rule is ample to protect the city against any loss on account of delinquent users, if it is enforced.  Hence, the by-law is unreasonable, because unnecessary.

The conclusions just stated are a logical sequence from the cases of *Crumley* v. *Water Co., Wolfe* v. *Water Co.,* and *Jones* v. *Nashville,* supra.  But the exact point was decided by the supreme court of Montana in *State* v. *Butte City Water Co.,* 18 Mont., 199, 44 Pac. 966, 32 L. R. A., 697, 56 Am. St. Rep., 574.  The ordinance involved in the latter case, and which was held to be invalid, was as follows:

"The water company contracts with owners of property, or their authorized agents only, and the property is invariably held for water rent.  When water is turned off for any cause, it will not be turned on again until all back rent due on that building is paid in full.  Money paid by tenants will be credited to the owner, but in so doing the company does not in any way release the owner from liability under this rule."

The court held that such a rule was in violation of the company's charter obligation to supply the inhabitants of the city with water. See, also, *Turner* v. *Revere Water Co.,* 171 Mass., 329, 50 N. E., 634, 40 L. R. A., 657, 68 Am. St. Rep., 432; *Merrimack Bank* v. *City of Lowell,* 152 Mass., 556, 26 N. E., 97, 10 L. R. A., 122; *City of Covington* v. *Ratterman,* 128 Ky., 336, 108 S. W., 297, 32 Ky. Law. Rep., 1225, 17 L. R. A. (N. S.), 923; *Line* v. *Bredes,* 43 Wash., 540, 86 Pac., 858, 6 L. R. A. (N. S.), 707, 117 Am. St. Rep., 1068, 11 Ann. Cas., 238; *Chicago* v. *Insurance Co.,* 218 Ill., 40, 75 N. E., 803, 1 L. R. A. (N. S.); 770; *Burke* v. *Water Valley Co.,* 87 Miss., 732, 40 South., 820, 112 Am. St. Rep., 468.

We hold both upon reason and authority that the by-law interposed as a defense to the refusal of the defendant to furnish the complainant water for domestic purposes is unreasonable, unjust, arbitrary, and void. From which it results that the decree of the court of civil appeals is reversed, and the decree of the chancellor is affirmed, and the case is remanded for further proceedings in accordance with this opinion.