CARROLL BLAKE CONST. CO. *v.* BOYLE *et al.*

(*Jackson.*   April Term, 1918.)

1. **PARTY WALLS. Definition.**

A "party wall" is the division wall between two connected and mutually supporting buildings, either both actually erected or one only contemplated, of different owners, commonly, but not necessarily, standing on the land of each and ordinarily maintained at mutual cost and always with the right of each owner to set timbers therein. (*Post, p.* 172.)

Case cited and distinguished: Dunscomb v. Randolph, 107 Tenn., 97

2. **PARTY WALLS. Easement of support.. Prescription.**

Where two adjoining owners build a party wall partly on each lot, and by agreement or by continuous use for twenty years treat it as a party wall, each has an easement of support for his half. (*Post, pp.* 172-174.)

3. **PARTY WALLS. Joint ownership. Right of support.**

For the purpose of supporting their respective houses, a party wall between adjoining lots is joint property, though the land on which it stands is held in severalty, and the right of support that one has in the part of the wall on the other's land extends to sufficient of the adjoining soil to give the wall support. (*Post, pp.* 172-174.)

4. **PARTY WALLS. Use. Liability.**

An owner and his lessee had the right to make such alterations or repairs in the part of a party wall standing on such owner's lot as were necessary to erect a proposed building, if it could be done without weakening the wall or impairing the other owner's use of it, and in so doing they stood as insurers to the other owner against injury to his house growing out of the work. (*Post, p.* 172-174.)

Carroll Blake Const. Co. v. Boyle.

Cases cited and approved: Webster v. Stephens, 5 Duer (N. Y.), 553; Eno v. Del Vecchio, 4 Duer (N. Y.), 53; Dowling v. Hennings, 20 Md., 179.

Case cited and distinguished: Sanders v. Martin, 70 Tenn., 215.

5. PARTY WALLS. Rights of adjoining owners. Duration.

Each owner acquires an easement of support by a party wall so long as it stands, which the other owner may not weaken or destroy, though when by fire or other casualty it becomes useless to either owner neither owner has the right to prevent its removal, but while it is sufficient for the support of the house of one of the owners the other cannot impair or remove it. (*Post, pp.* 174-176.)

Cases cited and approved: Hieatt v. Morris, 10 Ohio St., 523; Clemens v. Speed, 93 Ky., 284; Mann v. Reigler, 18 L. R. A. (N. S.), 133; Brown v. Windson, 1 Cromp. & J., 20; Dowling v. Hennings, 20 Md., 179; Partridge v. Gilbert, 15 N. Y., 601; Commercial Nat. Bank v. Eccles, 43 Utah, 91.

6. PARTY WALLS. Excavation. Liability of adjoining owner.

An owner and his lessee, excavating alongside a party wall for a proposed building, were bound to prevent injury to the property of the other owner of the wall, and could not claim exemption from liability upon the ground that the construction company was an independent contractor for whose negligence they were not liable. (*Post, pp.* 176, 177.)

Cases cited and approved: Village of Jefferson v. Chapman, 127 Ill., 438; Weinman v. De Palma, 232 U. S., 571.

Cases cited and distinguished: McHarge v. Newcomer, 117 Tenn., 610; Davis v. Lumber Co., 126 Tenn., 585.

7. NEGLIGENCE. Violation of ordinance. Proximate cause. "Negligence per se."

The violation of a valid city ordinance is negligence per se, and where the violation is the proximate cause of an injury the violator is liable. (*Post, pp.* 178-179.)

8. **NEGLIGENCE. Violation of ordinance. Recovery. Proximate cause.**

One who has been injured as the proximate result of his own violation of a valid ordinance is precluded from recovering. (*Post, pp.* 178, 179.)

9. **PARTY WALLS. Erection of building. Notice to adjoining owner. Application of ordinance.**

An ordinance of the city of Memphis providing that when it is proposed to begin any excavation for any building and there are walls or structures wholly or partly on adjoining lands, or near the intended excavation, the party making the excavation shall notify the owner of the adjoining wall or structure at least fifteen days before starting the excavation as to the depth thereof, and that such other owner may enter the property of the one making the excavation to secure his wall, and within fifteen days after notice shall make it safe to the depth of sixteen feet below the curb line in front of said wall or structure, does not apply to party walls; as the operation of such rule would force one owner to improve it for the convenience of another, and would result in confiscation. (*Post, pp.* 178, 179.)

Cases cited and approved: Schmalzried v. White, 97 Tenn., 37; Adams v. Inn Co., 117 Tenn., 470.

10. **MUNICIPAL CORPORATIONS. Ordinance. Validity.**

There is no arbitrary rule by which the reasonableness of an ordinance can be tested, but its validity depends upon the circumstances and the purposes and operation of the ordinance, and an ordinance must be just, free from oppression and harshness, and must be impartial in its application. (*Post, pp.* 180, 181.)

11. **MUNICIPAL CORPORATIONS. Ordinance. Validity.**

A municipality has no implied or express general grant of power which conflicts with the general principles of the common law adopted or in force it the state. (*Post, pp.* 180, 181.)

Cases cited and approved: Jones v. Nashville, 109 Tenn., 557; Farmer v. Nashville, 127 Tenn., 516; Long v. Taxing District, 75 Tenn., 137; State v. Cooper, 120 Tenn., 553; Baker v. Dew, 133 Tenn., 135; State v. Watkins, 123 Tenn., 506; Russell v. Colyar, 51 Tenn., 159; Horne v. M. & O. R. R., 41 Tenn., 77.

Carroll Blake Const. Co. v. Boyle.

12. **MUNICIPAL CORPORATIONS.** Ordinance. Construction.

Where an ordinance is susceptible of two constructions, one of which will render it void and the other valid, it is the duty of the court to adopt the latter, although it is not the most obvious or natural construction. (*Post*, *p*. 181.)

Cases cited and approved: Riggins v. Tyler, 134 Tenn., 582; Palmer v. Express Co., 129 Tenn., 158.

13. **APPEAL AND ERROR.** Review. Decision of intermediate court.

The supreme court is precluded from considering defendants' assignment of error to the action of the court of civil appeals in refusing to reverse the case for error in the charge as to the measure of damages, where the court found that the amount of the verdict was "far short of the damage sustained." (*Post*, *p*. 181.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— Hon. J. P. Young, Judge.

R. Lee Bartels, for plaintiff.

G. T. Fitzhugh, Evans & McCadden and Gates & Martin, for defendants.

Mr. Justice Fentress delivered the opinion of the Court.

This is a suit to recover damages for the collapse of plaintiffs' building, alleged to have been caused, primarily, by the negligence of the contractor em-

ployed by the owner of the adjoining lot and his lessee to erect upon the lot of the former a storehouse for the occupancy of the latter.

Plaintiffs and Evans were the owners of four-story business houses which stood upon adjoining lots on Main street, in the city of Memphis. In 1853 their respective predecessors in title erected these buildings and built between them a division wall for their joint benefit. The wall, exclusive of footings stood ten and one half inches on the Boyle lot, and two and one-half inches on the Evans lot, and supported the joists of both buildings.

Plaintiffs' lot had a frontage on Main street of eighteen feet, and seven and one-half inches, and Evans' lot thirty-seven and three tenths feet, and both were seventy and eighty-two hundredths feet in depth.

Defendant Evans' house had become infirm,and on this account its rental value was reduced, while the ground upon which it stood was very valuable, so he and his lessee, the defendant Oppenheim, employed the Carroll Blake Construction Company to remove the old building and erect in its stead a new one, pursuant to plans prepared by their architect.

The plans provided that the foundation of the new house should extend two and one-half feet below the party wall, and that the contractor should remove its footings on Evans' lot and build beneath the wall two and one-half inches to the depth of two and one-half feet for its entire length, and make openings in

the party wall where it was necessary to insert joists for the support of the floors of the new building.

The contractor removed the old building, and during the night of April 23, 1915, the subcontractor to whom it had sublet the excavation, in violation of the orders of the architect and city building inspector, excavated a trench two and one-half feet below and adjoining, but not underneath, the footings of the party wall for its length.

At 7:30 a. m. on the following day the wall collapsed, causing the floors of plaintiffs' building to fall, and resulting in the destruction of their house.

Prior to the removal of the building all the defendants seasonably notified plaintiffs of their intention to remove the old building and erect a new one in accordance with the plans, and advised the plaintiffs to protect their portion of the party wall by shoring, underpinning, and such other means as might be necessary to its preservation.

The wall was not strengthened by underpinning or shoring, and when the lateral support of the soil of Evans' lot was removed its foundation slid into the trench.

The trial resulted in a verdict and judgment against the contractor for $7,500 and in favor of defendants Evans and Oppenheim. Upon appeal to the court of civil appeals that court affirmed the judgment as to the contractor and reversed is as to the contractees. Petitions for *certiorari* were granted and the case has been argued here.

It is contended by the construction company that plaintiffs had not the right to the lateral support of the soil of the adjoining lot for the support of their part of the wall, and that they were guilty of contributory negligence in failing to underpin and shore it, in violation of the requirements of the building ordinances of Memphis.

As these defenses are made by the other two defendants, it is unnecessary to discuss them separately, because if they are available as to the contractor they are likewise conclusive of nonliability as to the contractees.

In *Dunscomb* v. *Randolph,* 107 Tenn., 97, 64 S. W., 23, 89 Am. St. Rep., 915, this court approved the following definitions of a party wall:

"A party wall is the division wall between two connected and mutually supporting buildings, either both actually erected or one only contemplated, of different owners, commonly but not necessarily standing half on the land of each, ordinarily maintained at mutual cost, and always with the right of each owner to insert therein his timbers.

"Its sources are these—an express or implied contract between the parties prescription, which is a particular form of the implied contract, and a statute or municipal by-law."

In *Sanders* v. *Martin,* 2 Lea, 215, 31 Am. Rep., 598, this court said:

"If two adjoining owners build a wall partly on each lot and by agreement or by continuous use for

Carroll Blake Const. Co. v. Boyle.

twenty years treat it as a party wall, each has an ease-
ment of support for his half," citing *Webster* v.
*Stephens*, 5 Duer (N. Y.), 553.

So it is that both by contract and by prescription
this wall was a party wall and each adjoining owner
had an easement in the other's portion of it. For the
purposes of supporting their respective houses the
wall was joint property, notwithstanding the fact
that the land upon which it stood was held in sev-
eralty. The right of support also that one owner
had in the portion of the party wall located on the
other's land necessarily extended, of course, to suf-
ficient of the adjoining soil to give the wall support.

We are of the opinion that Evans and Oppenheim
had the right to make such alterations or repairs in
the part of the wall standing upon the Evans lot as
was necessary to erect the proposed building, pro-
vided it could be done without weakening or other-
wise impairing plaintiffs' use of it, and that in so
doing they stood as insurers to plaintiffs against in-
jury to their house growing out of the work.

Judge COOLEY in his work on Torts says:

"Where a party wall exists, each proprietor has
an easement in the land of the other for its use, re-
pair, and support. . . . Rights in party walls
pass with the land to heirs or assignees without being
specially mentioned in the conveyance. Each pro-
prietor owes to the other the duty to do nothing that
shall weaken or endanger it, and though each may
rightfully, when he finds it for his interest to do so,

increase its height, sink the foundation deeper, or on his own side add to it, yet it seems that in doing so he is insurer against damages to the other proprietor." Cooley on Torts, sections *440, *441.

In Washburn on Easements (page 455) the author says:

"So long as the wall is capable of answering the purposes for which it was erected, the owner of either part may underpin the foundation, sink it deeper and increase its thickness within the limits of his own lot, or its length or height, if he can do so without injury to the building on the adjoining lot. But he cannot interfere with the wall in any manner, unless he can do so without injury to the adjoining building, or without the consent of the owner of such building. He cannot pare off the part of the wall that stands on his own land, so as to render the remainder insufficient or unsafe, or excavate under the part of the wall upon his own premises, to the permanent injury thereof." *Eno* v. *Del Vecchio*, 4 Duer (N. Y.), 53; *Id.*, 6 Duer (N. Y.), 17; *Webster* v. *Stephens*, 5 Duer (N. Y.), 553; *Dowling* v. *Hennings*, 20 Md., 179, 83 Am. Dec., 545; 20 R. C. L., 1090.

It is insisted that as there was no agreement between the grantors of the present owners, who built the wall, as to how long it should stand, and because it was for their mutual benefit and that of their successors in title, therefore plaintiffs had no right to prevent defendant Evans from removing his portion

of the wall, as it was no longer useful to him, and thereby deny to him the full enjoyment of his property. In support of this position counsel rely upon *Hieatt* v. *Morris,* 10 Ohio St., 523, 78 Am. Dec., 280, and *Clement* v. *Speed,* 93 Ky., 284, 19 S. W., 661, 19 L. R. A., 240.

The latter case, we think, is not apposite. It treats of the right to support in an adjoining building. The former case does hold that the right to maintain a party wall in the absence of an agreement for a specified length of time continues only so long as it is beneficial to both parties; but this case denies the common-law right, adopted in this State, which arises by prescription, of the owner of a lot to an easement of support in the portion of the party wall standing upon the adjoining premises, and is in direct opposition to the general rule. See 12 C. J., 192, and note; note to *Mann* v. *Reigler,* 18 L. R. A. (N. S.), 133.

In *Sanders* v. *Martin,* supra, this court said:

"Each owner acquires an easement of support by the party wall so long as it stands, which the other may not weaken or destroy," citing *Brown* v. *Windson,* 1 Crompt. & J., 20; *Drowling* v. *Hennings,* 20 Md., 179; *Partridge* v. *Gilbert,* 15 N. Y., 601, 69 Am. Dec., 632.

This is the general rule (20 R. C. L., 1087), and we know of no departure from it except the Ohio case. We are not to be understood as holding that the mere fact that the party wall is left standing, of

itself, permits one adjoining owner to prevent the other from removing it. When, by reason of fire or other casualty, it becomes useless to either owner, neither would have the right to prevent its removal. No one will be permitted to maintain a nuisance. While, however, it is sufficient for the support of the house of one of the owners, the other cannot impair or remove it. To permit this to be done would be confiscation of another's property. *Commercial National Bank* v. *Eccles,* 43 Utah, 91, 134 Pac., 614, 46 L. R. A. (N. S.), 1025, Ann. Cas., 1916C, 368; 20 R. C. L., 1087, 1093.

Defendants Evans and Oppenheim furthermore claim exemption from liability upon the ground that the construction company was an independent contractor for whose negligence they are not liable. As above indicated we are of the opinion that their duty to prevent injury to plaintiffs' property was absolute.

In *McHarge* v. *Newcomer,* 117 Tenn., 610, 100 S. W., 700, 9 L. R. A. (N. S.), 298, this court approved the following quotation from the opinion of the Supreme court of Illinois in *Village of Jefferson* v. *Chapman,* 127 Ill., 438, 20 N. E., 33, 11 Am. St. Rep., 139:

"Another exception to the general rule, relieving an employer from liability from an injury occasioned by a general contractor, is, where the party causing the work to be done is under primary obligation, imposed by law, to keep the subject-matter of the work

in safe condition.   The principle upon which this exception is predicated is that where a duty is so imposed the responsibility for its faithful performance cannot be avoided, and that the party under such obligation cannot be relieved therefrom by a contract made with another for the performance of such duty.''

In *Davis* v. *Lumber Co.*, 126 Tenn., 585, 150 S. W., 545, this court, in an opinion delivered by Mr. Justice LANSDEN, said:

''It is believed, . . . that an examination of the recent American cases dealing with the subject will disclose a decided tendency upon the part of the courts to circumscribe the area within which the general rule is to operate, and to apply the principle that, where the contractee is subject to an absolute duty to do or not to do certain things with reference to the work and the premises, such duty is nondelegable to the contractor, so as to relieve the contractee of liability for injuries caused by its nonfulfillment.''

See, also, *Weinman* v. *De Palma*, 232 U. S., 571, 34 Sup. Ct., 370, 58 L. Ed., 733, and note to *Jacobs* v. *Fuller*, 65 L. R. A., 851.

The wisdom of this holding is forcibly illustrated by the facts of this case.   Aside from the loss of property caused by the negligent execution of the work, it is said that if the collapse had occurred during business hours there would probably have been a great loss of life.

140 Tenn.—12

Finally, it is insisted that complainants are precluded from recovering because they failed to comply with the requirements of the building ordinance of the city of Memphis passed November 25, 1902, the applicable portion of which is as follows:

"Whenever it is proposed to begin any excavation for any building, and there shall be walls or structures wholly or partly on adjoining lands, or near the intended excavations, then the party causing such excavations to be made shall notify the owner or owners of such adjoining walls or structures of such intended excavations, at least fifteen days before starting same, and also of the depth to which it is proposed to make said excavation. The owner or owners of the adjoining walls or structures shall have the right to enter upon the property of the party causing the excavations to be made, for the purpose of securing their walls or structures, at such times as he or they are notified that such excavations are to be made, and within fifteen days after receiving such notice shall proceed to care for and make safe his or their wall or structure to the depth of sixteen feet below the curb line, immediately in front of said wall or structure." Hughey's Dig. Ordinances of Memphis, section 874.

It is true the violation of a valid city ordinance is negligence *per se,* and it has been held by this court in several cases that where the act of the defendant in violating the ordinance is the proximate cause of the injury suffered he is liable to the plain-

tiff. *Schmalzried* v. *White,* 97 Tenn., 37, 36 S. W., 393, 32 L. R. A., 782; *Adams* v. *Inn Co.,* 117 Tenn., 470, 101 S. W., 428. For the same reason it follows that one who has been injured as the proximate result of his own violation of a valid ordinance is precluded from a recovery.

However, we are of the opinion that the foregoing ordinance does not apply to party walls. The language used, perhaps, is sufficiently comprehensive to include them, though they are not specifically named; but if construed to cover a party wall we would feel constrained to declare the ordinance void because unjust and oppressive and violative of the principles of the common law. When applied to this case the burden is imposed upon plaintiffs to extend the foundation and shore their part of the wall, not for their benefit, it being already sufficient for the support of their building, but for the exclusive benefit of the adjoining owner, under the penalty that if they fail to do so they shall be deprived of recovering compensation for injuries inflicted upon their property by the negligence of the adjoining owner. The logic of such a law would be to force an owner of property to improve it for the convenience of another, and to deny him recovery for injuries caused by the negligence of another because he did not shield himself against the ensuing consequences. The operation of such a monstrous rule would result in confiscation, and of course could not be tolerated.

As to the validity of city ordinances it was held by this court, in *Jones* v. *Nashville,* 109 Tenn., 557, 72 S. W., 985, that there was no arbitrary rule by which the reasonableness of an ordinance could be tested, but that its validity depended upon the surrounding circumstances and the purposes and operation of the ordinances under consideration.

It was also held in the same case and subsequently repeated that ordinances must be just, free from oppression or harshness, and impartial in their application and operation. *Farmer* v. *Nashville,* 127 Tenn., 516, 156 S. W., 189, 45 L. R. A. (N. S.), 240.

In discussing the power of municipalities to pass ordinances it was decided by this court in *Long* v. *Taxing District,* 7 Lea, 137, 40 Am. Rep., 55, that a municipality had no implied or express general grant of power which conflicts with the general principles of the common law, adopted or in force in the State. This court has uniformly followed this holding, which we deem to be salutary. *Farmer* v. *Nashville,* 127 Tenn., 515, 156 S. W., 189, 45 L. R. A. (N. S.), 240, and cases cited.

We cannot believe, however, in the absence of words unmistakably indicating the contrary, that the framers of the ordinance intended that it should apply to party walls, thereby reversing the settled and wholesome principles of the common law, which this court has repeatedly held are not presumed to be altered further than is expressly declared or necessarily implied. *State* v. *Cooper,* 120 Tenn., 553,

113 S. W., 1048, 15 Ann. Cas., 1116; *Baker* v. *Dew,* 133 Tenn., 135, 179 S. W., 645; *State* v. *Watkins,* 123 Tenn., 506, 130 S. W., 839, 30 L. R. A. (N. S.), 829; *Russell* v. *Colyar,* 4 Heisk., 159; *Horne* v. *M. & O. R. R.,* 1 Cold., 77.

Following, therefore, the rule for the construction of statutes, which likewise applies to ordinances (McQuillin on Municipal Ordinances, section 289), that where a statute is susceptible of two constructions one of which will render it void and the other valid it is the duty of the court to adopt the latter, although it is not the most obvious or natural construction, we hold that the ordinance is not applicable to party walls. *Riggins* v. *Tyler,* 134 Tenn., 582, 184 S. W., 860; *Palmer* v. *Express Co.,* 129 Tenn., 158, 165 S. W., 236.

The contractor has assigned as error the action of the court of civil appeals in refusing to reverse the case on account of error in the charge to the jury as to the measure of damages. We are precluded from considering this objection, as it does not appear that the petitioner was injuriously affected by the alleged erroneous charge. The court of civil appeals found that the amount of the verdict was "far short of the damages plaintiffs sustained."

It results that the judgment of the court of civil appeals, affirming the judgment of the trial court as to the contractor and reversing it as to the contractees, is affirmed.