the facts herein that all the transactions were had between the plaintiff and the deceased defendant, Herman Solomon. The appellant relies upon the case of Clare v. Crittenden, 58 Hun, 604, 11 N. Y. Supp. 519, as establishing the rule that, where a case is reserved generally, it cannot be dismissed for failure to prosecute. An examination of the report of that case, which was decided by ·the General Term in this department in 1890, shows that no such rule is laid down. There it appeared that a counterclaim had been set up, to which a reply had been served, and it further appeared that the opposing affidavit stated that the cause was reserved for the convenience of both parties. Furthermore, it did not appear in that case that any hardship would be imposed upon the defendants by allowing the case to be brought on for trial. The facts in that case and in the present case are so manifestly different that no comment is necessary.

No excuse whatever is shown why the plaintiff should have delayed all these years, and until the death of the defendant with whom the transactions in suit were claimed to have been had, and upon whose testimony the defense would have to rest.

The orders are therefore affirmed, with $10 costs and disbursements. All concur.

---

GENEVA–SENECA ELECTRIC CO. v. ECONOMIC POWER & CONST. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

INJUNCTION (§ 114*)—UNAUTHORIZED EXERCISE OF CORPORATE POWER—PARTY ENTITLED TO QUESTION.

A corporation authorized by its charter to supply a city with electric lighting and power under a franchise which is not exclusive may not enjoin an illegally constituted corporation from furnishing in competition with it electric lighting and power to the city, where the act of the latter corporation does not interfere with the physical properties of the former and does not as against it constitute a public nuisance; but the Attorney General should in the first instance be asked to take proceedings to prevent the latter from exercising corporate rights in violation of law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 208; Dec. Dig. § 114.*]

Appeal from Special Term, Ontario County.

Action by the Geneva-Seneca Electric Company against the Economic Power & Construction Company and another. From an interlocutory judgment sustaining the demurrer of each of the defendants, interposed to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, with separate bills of cost to each, plaintiff appeals. Affirmed.

The action was commenced on the 16th day of April, 1908, to restrain the defendant Economic Power & Construction Company from furnishing or distributing electric current for lighting and power purposes to the city of Geneva or to its inhabitants, and to restrain the defendant city from in any manner aiding or affording to the Power Company facilities such as to permit it to use its streets, avenues, con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duits, etc., in furnishing such electric current to said city or its inhabitants.

Argued before McLENNAN, P. J. and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lansing G. Hoskins (Lewis E. Carr, of counsel), for appellant.

Bissell & Riley (Simon Fleischman, of counsel), for respondent Economic Power & Construction Co.

W. Smith O'Brien (Simon Fleischman, of counsel), for respondent City of Geneva.

McLENNAN, P. J.   The allegations of the complaint, construed most broadly, are to the effect that the plaintiff is a corporation, created and existing under and pursuant to the laws of the state of New York, for the purpose, among others, of supplying to the defendant city and its inhabitants electricity for lighting and power purposes; that, pursuant to the provisions of its charter, it or its predecessor corporation erected a large plant in said city, expending therefor a large amount of money, to enable it to carry out the purposes of its incorporation; that it obtained permission from the city of Geneva to occupy its streets with its poles and wires, and to occupy with its wires conduits in certain of said streets which are owned by the city; and that under such permission or franchise from the city it for a long number of years has been supplying such city and its inhabitants with electrical light and power.   It is not alleged or claimed that the plaintiff has an exclusive franchise to so furnish electrical lighting and power to such city or its inhabitants.

It is further alleged, in substance, that the defendant Power Company is not in fact a legal or valid corporation; that the act (Laws 1893, p. 949, c. 459) which authorized its incorporation is violative of section 16 of article 3 of the Constitution, and which was so held to be by the Court of Appeals in the case of Economic Power & Construction Company v. City of Buffalo, 195 N. Y. 286, 88 N. E. 389. It was in that case held that the act which created the defendant Power Company was a private bill, within the meaning of article 3, § 16, of the state Constitution, and that the grants of special franchises in section 5 and all of section 6 of the act were not within the subject expressed in its title and were void.   It is also urged that such act is invalid because violative of section 18 of article 3 of the Constitution, and that such invalidity, taken in connection with the provisions which have been expressly declared invalid by the Court of Appeals, renders the whole act void, and so as to make any corporation purporting to exist thereunder a nullity.

It is claimed that by reason of the matters alleged, and to which attention has been called, the defendant Economic Power & Construction Company has no legal corporate existence, and it is alleged that notwithstanding it is seeking to engage in the business of supplying the city of Geneva and its inhabitants with electric light and power, and that the city of Geneva is aiding and abetting such Power Company in so doing, in that it is permitting such alleged corporation to use its streets, avenues, conduits, etc., for the purpose of carrying on

its business. It is also alleged that the defendant Power Company is not authorized to conduct and carry on such business, because it has failed to obtain a franchise so to do from the municipality or the consent of the Public Service Commission, neither of which, it is alleged, the Power Company intends to obtain.

It is further alleged that the purposes and plans of the Power Company, if carried out, will cause irreparable injury to the property and rights of the plainitff, in that it will secure many of the customers of the plaintiff, reduce its income, and impair its earning capacity. It is not alleged or claimed that the action of the Power Company or of the city in the premises in any way interferes with the physical property of the plaintiff or of its use, the plaintiff standing upon the broad proposition that the Economic Power & Construction Company is to install a plant which will be a competitor of the plaintiff, and that such competing corporation has no legal corporate existence, and is, therefore, not entitled to so compete.

The court below sustained the demurrer on the ground that all the allegations of the complaint, construed most favorably to the plaintiff, did not establish a cause of action in this case. It may be idle to discuss the proposition that, if the plaintiff's rights were invaded, there are several means which it might adopt to prevent such invasion, providing the allegations of the complaint are true. It could have applied to the Attorney General to bring an action to prevent the exercise of the alleged corporate powers of the defendant company, which had no right under the law to exercise such powers. Undoubtedly the plaintiff, or any one else, as a taxpayer, could have brought an action which would have terminated in a judgment restraining the defendant company from continuing its work, if the allegations of the complaint were supported by proper evidence. So, if we assume, as contended by appellant, that the consent of the Public Service Commission is necessary in order to enable the defendant Power Company to do business, it has nowhere been alleged that the action of such commission in the premises has been asked for by the plaintiff.

In this case, so far as I am able to understand the facts, the proposition is this: A corporation legally constituted is serving a city and its inhabitants with electrical lighting and power, having no exclusive franchise. It is conducting a profitable business. Another alleged corporation, which we assume has no corporate rights, assumes with the consent of the city to engage in the same business. Can such first corporation complain because the acts of the other, although in violation of law, may tend to decrease its revenue or earning capacity? We are constrained to believe that such is the law in this state; in other words, that a legally authorized corporation, which is performing its functions properly and in accordance with law, may be displaced by an alleged corporation which has no sanction in law, and yet which assumes to exercise the rights and responsibilities of a real corporation. In this case I am constrained to hold that the plaintiff has no cause of complaint, notwithstanding the action of the defendant company and its alleged illegal incorporation. The primary question

in this controversy is: Has the plaintiff the right to attack the validity of the defendant Power Company?

The plaintiff is a private individual so far as the allegations of the complaint are concerned, and, therefore, is not in a position to maintain an action against the defendants to abate a public nuisance; plaintiff not having shown by the allegations in the complaint that it was specially injured thereby. Adler v. M. E. R. Co., 138 N. Y. 174, 33 N. E. 935. In this case there is no question of public nuisance, but rather it resolves itself into the proposition as to whether the plaintiff may attack the validity of the incorporation of an alleged competing company, which competition will injure or impair the business of the plaintiff. We think that upon authority the plaintiff's contention is not tenable. Old Forge Co. v. Webb, 31 Misc. Rep. 316, 65 N. Y. Supp. 503, affirmed in 57 App. Div. 636, 68 N. Y. Supp. 1145; Empire City Subway Co. v. Broadway & Seventh Avenue R. R. Co., 87 Hun, 279, 33 N. Y. Supp. 1055, affirmed in 159 N. Y. 555, 54 N. E. 1092.

But, independent of the authorities, the proposition is presented as to whether a corporation, authorized by its charter to supply a municipality with electrical lighting and power and not having an exclusive franchise, may question the attempted exercise of such power by another corporation or individual, whether or not such corporation is legally constituted, and whether or not such individual is authorized by law to conduct such business. We conclude that the whole trend of authority is to the effect that such plaintiff cannot, in an action brought to obtain an injunction, question the authority of the competing corporation or the right of the individual in the premises. If such were not the law, then every corporation could raise the question as to the legality of its competing neighbor. A street railroad company, having a franchise which covered the principal streets in a city, could insist that a corporation which purposed to establish a street surface railroad in certain streets not occupied by the former corporation could be enjoined from such construction upon the ground, alleged by the former corporation, that it (the latter) was not organized under and in pursuance of the provisions of law.

It seems to me clear that such question should not be left to warring competitors, but that, if an alleged corporation is seeking to exercise corporate rights in violation of law, in the first instance the Attorney General of the state should be asked to take proceedings to prevent the exercise of such alleged power. If the contention of the plaintiff should prevail, it would be competent for every corporation to bring suit against every other alleged corporation competing with it, because of the fact, as alleged, that it had not fully complied with the provisions of law respecting its incorporation. It seems to me that it is the most sensible rule to hold that such action cannot be maintained because of the fact that an alleged competitor may not have been organized in accordance with the provisions of law.

In this case the question is presented squarely: Assuming all the allegations of the complaint to be true, and giving the plaintiff the benefit of the most favorable inferences to be drawn therefrom, is it

entitled to relief by injunction restraining the defendant, conceding that such defendant company has no corporate existence, from furnishing to the city of Geneva electrical lighting and power? My notion is that no cause of action is stated, and that under the authorities the judgment sustaining the demurrer was right.

Having reached the conclusion that the plaintiff is not entitled to maintain this action, it is unnecessary to determine the other questions involved upon this appeal. The interlocutory judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal. All concur; SPRING and KRUSE, JJ., in result only.

